UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

RICHARD RUSSELL REINHART
and JOANNE MARIE REINHART,
          Debtors.
_____/

Case No. 10-21696-dob
Chapter 13 Proceeding
Hon. Daniel S. Opperman

## Opinion Regarding United Bay Community Credit Union's Motion to Dismiss Case

### Introduction

The parties in this case present the issue of what approvals are necessary for a debtor to obtain post-confirmation financing. The Chapter 13 Trustee, Thomas McDonald, and the Debtors, Richard and Joanne Reinhart, argue that the Debtors may file a motion, and if approved by the Trustee, obtain approval to borrow monies without the need of a notice to any other entity or a hearing. One of the Debtors' creditors, United Bay Community Credit Union ("United Bay"), argues that it is entitled to notice and an opportunity to be heard whenever a debtor seeks to borrow money. The Court directed the parties to submit briefs regarding this issue and conducted a hearing on April 19, 2012. For the reasons stated in this Opinion, the Court denies United Bay's Motion to Dismiss Case and any request to set aside the November 30, 2011, Order Granting the Debtors Authority to Finance Motor Vehicle Loan.

### Findings of Fact

The Debtors filed a petition seeking relief under Chapter 13 of the Bankruptcy Code on April 28, 2010, and proposed a Chapter 13 Plan the same day. The Chapter 13 Plan contains two paragraphs of interest:

1

**4(E); Property of the Estate and Disposal of Non-exempt Property.**
Upon confirmation of the Plan, all property of the estate shall vest in the Debtor(s), except for the future earnings of the Debtor(s), and other property specifically devoted to the Plan. Further, the Debtor(s) may not dispose of any claimed non-exempt real or personal property without complying with L.B.R. 6004-2(E.D.M.). The Debtor(s) shall remain in possession of all property of the estate unless specifically provided otherwise.

**4(G); Injunction Against Future Indebtedness.**
Upon confirmation of this Plan, the Debtor(s) may not, during the Plan's term, incur credit in excess of $1,500.00 without prior consent of the Trustee, except for a student loan to be paid by the Debtor(s) directly outside the Plan, or refinancing of the principal residence or other real estate of the Debtor(s) for the purpose of acquiring funds to pay their Chapter 13 Plan in full.

The Debtors fund their Chapter 13 Plan payments from social security payments received by Mr. Reinhart and income earned by Ms. Reinhart as a housekeeper at a Double Tree Hotel. Schedules I and J were amended January 17, 2012, to include social security income earned by Ms. Reinhart as well. There is no evidence that either Debtor is self-employed or engaged in business.

Confirmation of the Debtors' Chapter 13 Plan was set for June 24, 2010, and the Plan was confirmed on that date, with an Order Confirming Chapter 13 Plan signed by the Court on June 25, 2010. United Bay did not object to the Chapter 13 Plan of the Debtors. On November 29, 2011, the Debtors filed an Ex-Parte Motion for an Order Granting the Debtors Authority to Finance the Purchase of a Motor Vehicle, which was approved by the Trustee. The Court signed an Order Granting the Debtors Authority to Finance the Motor Vehicle Loan on November 30, 2011.

United Bay filed a Motion to Dismiss Case on December 20, 2011, and the Debtors filed an Objection to that Motion to Dismiss on December 23, 2011. By stipulation of the parties, the matter was adjourned and the Court set deadlines for the filing of briefs.

At the April 19, 2012, hearing, the Court heard oral arguments from United Bay, the Debtors, the Trustee, as well as statements of counsel for the Garber Group.

Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), (D) (orders in respect to obtaining credit), and (L) (confirmations of plans).

Analysis

The Debtors initially argue that the Motion of United Bay is really a disguised motion for reconsideration and, therefore, is untimely under L.B.R. 9024-1(a). United Bay responds by stating that the Order was entered without proper notice and, therefore, was not properly entered by the Court. As the Court will need to analyze whether proper notice was given in this case, the Court overrules the Debtors' initial objection based upon this procedural argument and will address the remaining issues raised by the parties.

United Bay argues that Fed. R. Bankr. P. 4001(c) requires that notice be given in accordance with L.B.R. 9014-1. United Bay also points to 11 U.S.C. § 364(a), which reads in pertinent part:

> (a) If the trustee is authorized to operate the business of the debtor under section 721, 1108, 1203, 1204, or 1304 of this title, unless the court orders otherwise, the trustee may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) of this title as an administrative expense.

In response, the Debtors argue that the Bankruptcy Code does not require the Debtors to obtain approval to borrow monies after a Chapter 13 Plan has been confirmed and that neither 11 U.S.C. § 364 nor Fed. R. Bankr. P. 4001 and L.B.R. 9014 are applicable. Further, the Debtors argue that the Chapter 13 Plan binds all parties, Debtors and creditors alike, and supplies the necessary framework for the Debtors to obtain approval for financing. The Debtors' argument is based upon 11 U.S.C. § 1327:

> (a) The provisions of a confirmed plan bind the debtor and each creditor,

whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

 (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

 (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

The Trustee generally agrees with the Debtors' position, but also adds the argument that as the original drafter of this particular model Chapter 13 Plan, his intention was that all property of the estate vested to the Debtors upon confirmation, except for future earnings of the Debtors, and other property specifically devoted to the Plan. In this regard, the Trustee takes blame for the placement of the comma in paragraph 4(E) and states that his intention with the language in paragraph 4(E) was to vest all property of the estate to the Debtors except for earnings and other property devoted to the Plan.

Analyzing the arguments of United Bay, the Court could not find authority that Debtors are required to obtain approval under 11 U.S.C. § 364, Fed. R. Bankr. P. 4001 or L.B.R. 9014 in a post-confirmation situation. Instead, 11 U.S.C. § 364 requires a trustee to request authority to obtain credit when a trustee operates a business of a debtor under Section 1304 of the Bankruptcy Code. Section 1304(a) defines a debtor engaged in business as "[a] debtor that is self-employed and incurs trade credit in the production of income from such employment. . . . ." In this case, the Debtors report in Schedule I that Mr. Reinhart is retired and that Ms. Reinhart works as a housekeeper for the Double Tree Hotel. When this case was filed, therefore, there is no evidence that the Debtors were engaged in the requisite business as defined by 11 U.S.C. § 1304. Accordingly, there is no authority in this case to suggest that the Trustee or, by proxy, the Debtors, were required to obtain approval under 11 U.S.C. § 364.

Moreover, the confirmation of the Chapter 13 Plan eliminates the Trustee from being

4

engaged in business unless the plan terms state otherwise. 11 U.S.C. § 1327(b) states as much and the terms of the Debtors' Chapter 13 Plan in this case do not clearly state otherwise. While the Court concedes that a certain grammatical interpretation of Section 4E of the Chapter 13 Plan could support a reading that the language carved out property that did not vest back to the Debtors, this reading is strained, at best. Moreover, the proffered interpretation by United Bay does not fit with the practical administration of estates by the Trustee. Applying United Bay's interpretation, the Court would need to find that all income or property of the Debtors may be necessary for the Chapter 13 Plan to complete successfully and that, therefore, all income and property remain in the estate and under the administration of the Trustee. Applying this concept one step further, every dollar received by the Debtors could be necessary for the successful completion of the Debtors' Chapter 13 Plan, which would require the Trustee's office to receive all money or property of the Debtors on a weekly, bi-weekly, or monthly basis; decide which monies should be retained by him; and then remit the difference to the Debtors. With the possible exception of unique circumstances in which the debtors demonstrated an inability or unwillingness to make payments to the Trustee, this Court has not ordered any such action. In addition, the administrative burden placed upon the Trustee would be so significant as to cripple the Trustee's office and the Chapter 13 process.

Instead, the Court concludes that the language in the Debtors' Chapter 13 Plan requires the Debtors to make the necessary payment to the Trustee, who in turn disburses to creditors as dictated by the Chapter 13 Plan. Seeing no evidence that the Debtors are self-employed or engaged in business, and seeing no evidence that the Trustee had any continuing interest in a business that did not exist, the Court concludes that 11 U.S.C. § 364 does not apply and that notice was not required as mandated by Fed. R. Bankr. P. 4001 and L.B.R. 9014.

Decades ago, Chapter 13 Trustees saw a problem of debtors using credit after they filed Chapter 13. In some cases, debtors would unwisely borrow monies for unnecessary purchases.

5

Accordingly, Trustees began to insert language in Chapter 13 plans requiring approval once a requisite amount was to be borrowed. Presently, that amount is $1,500, but in the recent past the amount has been as low as $1,000. The Court understands that there are current drafts of a model plan which raise the amount to $2,000.

The inclusion of this language in the Chapter 13 Plan answers some questions raised by United Bay. First, all parties agree that debtors who have filed Chapter 13 should have additional supervision during the time period that they are in Chapter 13 to insure that a Chapter 13 Plan is successful. Part of that supervision is the review by a third party, namely the Chapter 13 Trustee, of any request to borrow money. This oversight function causes debtors to think twice before they request the right to borrow monies and, on some occasions, requires the Trustee to deny a request. In essence, the current procedure limits debtors from borrowing money which is what arguably caused many to file for bankruptcy protection in the first place.

Second, the limits provided for in the Chapter 13 Plan also answer United Bay's arguments that Section 364 should apply. If Section 364 did apply, there is no monetary exception or other exception to that statute. Taken to an extreme, a debtor would not be able to use a credit card and would be required to pay cash or pre-pay for every transaction. In today's world, this is simply not feasible.

Third, 11 U.S.C. § 1327 binds debtors and creditors to the terms of the plan. Assuming arguendo that 11 U.S.C. § 364 and Fed. R. Bankr. P. 4001 and L.B.R. 9014 did apply, the terms of the Debtors' Chapter 13 Plan here allowed for the exact procedure that was followed in this case. The Court also notes that Chapter 13 plans, often as modified by the order confirming plan, readjust the statutory framework set by Congress. By way of example, the Court has, from time to time, entered orders confirming plans allowing for the lift of the automatic stay upon the filing of an affidavit evidencing an event, most commonly non-payment or failure to provide insurance. In these

instances, the creditor has not filed a motion for relief from stay, but instead has either filed an objection to the confirmation of the plan or, just as common, counsel has indicated that an objection will be filed unless the order confirming plan contains language allowing for lift of the automatic stay. These provisions arguably provide less notice and due process to other creditors, as opposed to, as in this case, the inclusion of the language in the Chapter 13 Plan that was filed the same day that the Debtors filed their Chapter 13 petition.

In this case, the Court is satisfied that the Debtors followed the correct procedure as mandated by their confirmed Chapter 13 Plan. Having followed this direction, the Court denies the Motion to Dismiss of United Bay to either set aside the order or to dismiss this case for the reasons stated in United Bay's Motion to Dismiss. This determination is without prejudice of any other party filing a motion.

Counsel for the Debtors is directed to prepare an Order consistent with the Opinion of the Court.

Not for publication

**Signed on August 17, 2012**

                                                  **  /s/ Daniel S. Opperman  **
                                                  **Daniel S. Opperman**
                                                  **United States Bankruptcy Judge**